**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **CHOICE HOTELS** | * | |
| **INTERNATIONAL, INC.** | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| v. | * | Case No. RWT 14cv1333 |
| | * | |
| **FELLSMERE** | * | |
| **INVESTMENTS, LLC,** *et al.* | * | |
| | * | |
| *Defendants.* | * | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

This is an action to recover an arbitration award against a now-defunct limited liability company and four individuals.   On April 21, 2014, Choice Hotels filed an Application to Confirm Arbitration Award.   ECF No. 1.   The following month summons were served on Defendants Fellsmere Investments, LLC, Michael Schlitt, Richard Schlitt, Christopher Schlitt and Garrett Guidroz.   ECF Nos. 3–6.   Only Michael Schlitt responded, ECF No. 7, and on July 7, 2014, Choice Hotels moved for an entry of default and a default judgment against all defendants.   ECF Nos. 9 and 10.   In an Order dated January 22, 2015, this Court directed the entry of a default as to Defendants Richard Schlitt, Christopher Schlitt and Garrett Guidroz, but denied the motion as to (1) Michael Schlitt because he had filed an answer, and (2) Fellsmere Investments because service was improper.   ECF No. 14.   The Court instructed Choice Hotels to serve Fellsmere Investments' registered agent within twenty-one days of the order.[1]   *Id.* Meanwhile, on February 20, 2015, Defendants Richard Schlitt, Christopher Schlitt and Garrett

---

[1] Under Federal Rule of Civil Procedure 4(m), if a Plaintiff fails to serve a Defendant within 120 days after filing a complaint, the Court must either dismiss the action or "order that service be made within a specific time."   The Court took the more lenient approach and offered Choice Hotels another chance to effect service within 21 days.

Guidroz sent this Court a letter asking the Court to reconsider the entries of default and describing their view of the events that led to the arbitration.  ECF No. 19.

On September 25, 2015, after purporting to serve a summons on Fellsmere Investments, LLC, Plaintiff again filed a Motion for Clerk's Entry of Default and a Motion for Default Judgment as to Defendant Fellsmere.  ECF Nos. 23 and 24.  Because service of process on Fellsmere Investments is once again improper and now significantly belated, Plaintiff's motions will be denied and Plaintiff will be ordered to show cause why the case against Fellsmere should not be dismissed.  Treating the letter, ECF No. 19, from Defendants Richard Schlitt, Christopher Schlitt and Garrett Guidroz, as a Motion for Reconsideration, the Court will grant it and direct that the order of default be vacated as to them and that their letter be filed as their answer.

## I.      Improper Service as to Fellsmere Investments, LLC

Plaintiff has again failed to serve Fellsmere Investments properly.  *See* ECF No. 14.  The affidavit of service as to Fellsmere indicates that it was served on March 12, 2015 by "leaving a copy of this 21-Day Summons . . . at . . . 4700 S Dixie Highway, Palm Bay, FL 32905, which is the address of the "Tropical Inn Resort," to "Shawn Quickly as Manager on Duty." ECF No. 22.  The affidavit of service indicated that "Ms. Quickly stated that Fellsmere Investments LLC owns the hotel.  She stated that Charles Whalen[2] resides in Colorado, but comes to town to check on things once in a while."  *Id.*  Under Federal Rule of Civil Procedure 4(h)(1)(B), service on a business association may be effected by either complying with Maryland's rules governing service of process, or by serving an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of

---

[2] Mr. Whalen's name is spelled "Wahlen" in the corporate filings of Fellsmere Investments, LLC, including his designation as the registered agent.  Florida Department of State, Division of Corporations Corporation Search by Entity Name, http://search.sunbiz.org/Inquiry/CorporationSearch/ByName.

process." Proper service is made upon a limited liability company by serving its resident agent, or, if there is no resident agent, by serving "any member or other person expressly or impliedly authorized to receive service of process." Maryland Rule 2-124(h); s*ee also Brown v. Am. Institutes For Research*, 487 F. Supp. 2d 613, 616 (D. Md. 2007) (citing Fed. R. Civ. P. 4(e)(2) and Maryland Rule 2-121(a)(2)). Ms. Quickly cannot reasonably be described as any of those individuals. Thus, leaving the papers with her was insufficient process for a limited liability company with a resident agent.

Maryland Rule 2-121(a) also allows for service in a foreign jurisdiction as "prescribed by [a] foreign jurisdiction if reasonably calculated to give actual notice," but Plaintiff still did not meet the requirements of process in Florida, despite Florida's more lenient provisions. Florida Statute 48.062(1) allows for service on a registered agent's employee.[3] Ms. Quickly stated that the Tropical Inn Resort was owned by Fellsmere Investments, ECF No. 22-1, making her an employee of Fellsmere; Mr. Wahlen is a managing member of Fellsmere in addition to its registered agent. These facts notwithstanding, relying on her statement as proof of adequate process is problematic. First, the Tropical Inn Resort is located at 4700 Dixie Highway NE, not 4700 S Dixie Highway, the address provided as that of the registered agent.[4]   Second, 4700 Dixie Highway NE is owned by STF Investments, not Fellsmere Investments, and the Inn's

---

[3] In addition to Florida Statute 48.062, the affidavit of service also cites Florida Statute 608.463(1)(a), which appears to have been repealed January 1, 2015. *See* Florida Senate, 2014 Florida Statutes, http://www.flsenate.gov/Laws/Statutes/2014/608.463. Florida Statute 605.0117 is the current section governing service of process on limited liability companies and notably does not contain a provision for serving a limited liability company, "In accordance with chapter 48 or chapter 49, as if the limited liability company were a partnership," as was contained in 608.463(1)(a).
[4] 4700 S Dixie Highway is in West Palm Beach, so the error is likely on the part of the Defendants.

owners have been reported to be STF Investments.[5]  STF Investments lists Charles Wahlen as its managing member and registered agent, and so it is still plausible that Ms. Quickly is in some way an employee of Charles Wahlen; however, Ms. Quickly stated that Mr. Wahlen no longer lived in Florida and only checked in "once in awhile."  ECF No. 22-1.  Florida Statute 48.062(1) allows for service on an employee of the registered agent if the agent is "temporarily absent."  The statute does not contemplate the infrequent visits on which the Plaintiff hopes to rely.  Besides straining Florida's service of process provisions, the combined effect of the uncertainty present in the proposed service prevents that service from meeting the standard of "reasonably calculated to give actual notice" required by the Maryland Rule 2-121(a).

Finally, even if the execution of service had been proper, Plaintiff failed to serve Fellsmere Investments within twenty-one days as required by this Court's order on January 23, 2015.  ECF No. 14.  Plaintiff did not request a reissuance of the summons until March 3, 2015, ECF No. 20, and the summons was not served until March 25, 2015, ECF No. 22-1, over sixty days after the January order and almost a year after Plaintiff first filed suit.  Thus far, Plaintiff has given no explanation for the delay.  Therefore, Plaintiff's request for an entry of default against Fellsmere Investments, LLC and motion for default judgment will be denied and, in accordance with Federal Rule of Civil Procedure 4(m), Plaintiff will be ordered to show cause why the case against Fellsmere should not be dismissed.

---

[5] *See generally*, Florida Department of State, Division of Corporations Corporation Search by Entity Name, http://search.sunbiz.org/Inquiry/CorporationSearch/ByName; Brevard County, Property Appraiser, Search by Address, https://www.bcpao.us/asp/real_search.asp; Stacy Barchenger, *Neighbors worry about proposed change to Palm Bay motel*, Florida Today (Aug. 6, 2014), ttp://www.floridatoday.com/story/news/local/2014/08/06/neighbors-worry-about-proposed-change-to-palm-bay-motel/13693485/ (reporting that STF Investments owns the Tropical Inn Resort).

**II.     Defendants Richard Schlitt, Christopher Schlitt and Garrett Guidroz's Motion to Reconsider and Answer**

On February 2, 2015, Defendants Richard Schlitt, Christopher Schlitt and Garrett Guidroz filed a letter asking for reconsideration of this Court's entries of default against them. ECF No. 19.  The Court has an obligation to liberally construe the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Reviewing their letter, it is clear the Defendants wish their correspondence to be treated as both a request for reconsideration and as their answer to Plaintiff's Application to Confirm Arbitration Award.  Defendants Richard Schlitt, Christopher Schlitt and Garrett Guidroz's Motion to Reconsider will be granted and the entries of default against them will be vacated.

Accordingly, it is, this 22nd day of October, 2015, by the United States District Court for the District of Maryland

**ORDERED**, that Plaintiff's Motion for Clerk's Entry of Default [ECF No. 23] is hereby **DENIED**; and it is further

**ORDERED**, that Plaintiff's Motion for Judgment of Default [ECF No. 24] is hereby **DENIED**; and it is further

**ORDERED**, that Plaintiff **SHOW CAUSE** on or before November 6, 2015, why the case against Fellsmere Investments, LLC should not be dismissed; and it is further

**ORDERED**, that Defendants Richard Schlitt, Christopher Schlitt and Garrett Guidroz's correspondence [ECF No. 19], treated as a Motion for Reconsideration is hereby **GRANTED**, and the Clerk is directed to file it as their answer to the Application to Confirm Arbitration Award; and it is further

**ORDERED,** that the Clerk's entries of default entered against Defendants Richard Schlitt, Christopher Schlitt and Garrett Guidroz [ECF No. 13] are hereby **VACATED**.

/s/
_____
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
